WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Yesenia Ochoa,
Plaintiff,
v.
Washington Federal Inc. d/b/a WaFd Bank,
Defendant.

No. CV-26-00242-TUC-JCH

**ORDER SCREENING COMPLAINT**

Before the Court is pro se Plaintiff Yesenia Ochoa's Complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. 1). Plaintiff also filed an Application to Proceed In District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the following reasons, the Court will grant the Application and dismiss the Complaint without prejudice.

## I. Application to Proceed In District Court Without Prepaying Fees and Costs

Plaintiff's Application states she cannot pay the costs associated with this action because she has three minor children, is currently unemployed and actively seeking employment, and has limited financial resources to cover her basic costs of living. Doc. 2 at 2–3, 5. Plaintiff's Application contains several inconsistencies. For example, she lists no average monthly income during the past 12 months, even though she remained employed with Defendant until August 1, 2025. *Id.* at 1–2. She also includes a monthly expense for motor vehicle insurance but does not list a vehicle as an asset. *Id.* at 3–4. Still, given Plaintiff's financial obligations and unemployment, the Court is satisfied Plaintiff has

insufficient funds to pay the filing fee. Good cause appearing, the Court will grant the Application.

**II. Statutory Screening of In Forma Pauperis Complaints**

Under 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the court must screen the Complaint and dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining whether a complaint has stated a claim, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**III. Complaint**

Plaintiff's claims all arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Complaint alleges the following facts:

///

On June 16, 2025, Plaintiff reported discriminatory conduct that occurred while she was an employee at Washington Federal Inc. d/b/a WaFd Bank ("Bank"). Doc. 1 ¶ 8. The Complaint alleges a single incident of discrimination "involving a Spanish-speaking client" where Plaintiff's coworker asked, "Why don't you speak English?" in a hostile tone. *Id.* ¶¶ 8–9. Plaintiff understood this comment to be discrimination based on national origin. *Id.* ¶ 10. After reporting the conduct, Plaintiff began experiencing "retaliation and a hostile work environment" and at some point requested a transfer, but no action was taken. *Id.* ¶¶ 12–13. Plaintiff subsequently sought medical care and was diagnosed with anxiety. *Id.* ¶ 14. Plaintiff alleges that on August 1, 2025, she was forced to resign from her position with the Bank due to "ongoing conditions." *Id.* ¶ 15.

**A. Retaliation**

Count I of the Complaint alleges retaliation. Under Title VII, a claim of retaliation requires a showing that "(1) [the plaintiff] was engaged in a protected activity; (2) [s]he was thereafter subjected by [her] employer to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994) (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987)).

First, Plaintiff has asserted she was engaged in a protected activity. Title VII prohibits discrimination against an employee because she opposed any unlawful employment practice covered by Title VII. 42 U.S.C. § 2000e-3(a). Plaintiff asserts she reported the alleged discriminatory conduct on June 16, 2025. Doc. 1 ¶ 8.

Second, Plaintiff has asserted she was subjected to an adverse employment decision. An adverse employment decision is an action that materially affects "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, a constructive discharge is "tantamount to an actual discharge," so it constitutes an adverse employment action. *See Green v. Brennan*, 578 U.S. 547, 555 (2016). Plaintiff asserts that although she was not fired, she was forced to resign on August 1, 2025, and was thus subject to a constructive discharge. *See* Doc. 1 at 1–2.

Third, Plaintiff has not asserted a causal link between the protected activity and adverse employment action. A causal link is one that establishes the "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Plaintiff does not explain what the ongoing conditions were that forced her to resign. Similarly, Plaintiff does not state who took retaliatory actions against her or how those actions were connected to the presumably discriminatory incident with her unnamed coworker. Although there is temporal proximity between Plaintiff's first report of discriminatory conduct on June 16, 2025, and her resignation on August 1, 2025, temporal proximity between the protected activity and the adverse employment action alone is not sufficient to establish a causal link. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005). Plaintiff fails to plead additional facts that allow this Court to reasonably infer a connection between the protected activity and the adverse employment conditions. *See Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").

**B. National Origin Discrimination**

Count II of the Complaint alleges national origin discrimination. Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a). A plaintiff can establish a prima facie case of national origin discrimination either through the *McDonnell Douglas* test or with direct or circumstantial evidence of discriminatory intent. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) Under the *McDonnell Douglas* test, unlawful discrimination is presumed if the plaintiff can show "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.

1998). Because Plaintiff pleads no facts regarding the qualifications or treatment of other employees, Plaintiff must provide direct[1] or circumstantial[2] evidence of discriminatory intent.

Here, Plaintiff fails to provide sufficient facts regarding the alleged national origin discrimination or identify a nexus between the presumably discriminatory remark and any adverse employment action. *See Vasquez*, 349 F.3d at 640 (upholding dismissal of disparate treatment claim where plaintiff failed to show a nexus between discriminatory remarks not made by the decisionmaker and the subsequent employment decision). First, although Plaintiff alleges she was "subject to discriminatory conduct," the Complaint's only factual allegation involving national origin discrimination was not directed at Plaintiff. Plaintiff will not be able to successfully state a claim for discrimination under Title VII based solely on a remark that was not directed at her. *See McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 881 (9th Cir. 2011) (explaining that a plaintiff cannot challenge discriminatory policies under Title VII if the policies do not discriminate against the plaintiff).

Further, Plaintiff fails to show the person who made the presumably discriminatory remark and the person who caused the adverse employment decision are the same. Even assuming the unnamed coworker acted with discriminatory intent, Plaintiff alleges no facts tying that individual's actions to the "ongoing conditions" that caused Plaintiff to resign. Although Plaintiff alleges a medical diagnosis of anxiety on July 17, 2025, she does not tie the diagnosis to her coworker's remark or to her employment conditions. *See* Doc. 1 at 1. Accordingly, Plaintiff fails to provide sufficient direct or circumstantial evidence to establish a nexus between the remark and the employment decision.

///

///

---

[1] In this context, direct evidence is "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Vasquez*, 349 F.3d at 640 (quoting *Godwin*, 150 F.3d at 1221).

[2] Circumstantial evidence requires an inference or presumption to reach a conclusion and must be supported by specific and substantial evidence. *See Vasquez*, 349 F.3d at 642.

**C. Hostile Work Environment**

Count III of the Complaint alleges a hostile work environment. Title VII is concerned not only with discrimination that is economic or tangible, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986), but covers "discriminatory behavior that is sufficiently severe or pervasive to create a discriminatorily hostile or abusive working environment," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 17 (1993). To assess whether a work environment is sufficiently hostile, courts look at all the circumstances, "including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (quoting *Harris*, 510 U.S. at 23) (noting Title VII does not reach simple teasing, offhand comments, and isolated incidents, unless they are extremely serious).

Plaintiff's Complaint states she experienced retaliation and a hostile work environment, but alleges no additional facts beyond the single presumably discriminatory remark to support this claim.[3] Doc. 1 at 1–2. The facts before the Court establish, at most, an isolated incident. This remark was not physically threatening, extremely severe, or accompanied by other frequent offensive remarks that would have made the environment sufficiently hostile to be covered under Title VII.

**D. Constructive Discharge**

Count IV of the Complaint alleges a constructive discharge. To state a constructive discharge claim, the plaintiff must prove she was discriminated against by her employer "to the point where a reasonable person in [her] position would have felt compelled to resign." *Green*, 578 U.S. at 555. Generally, this requirement can be met by showing the employer either intentionally created, or knowingly permitted, "conditions so intolerable

[3] Plaintiff attached to her Complaint her charge of discrimination presented to the EEOC, which includes range of dates where discriminatory events allegedly occurred from June 6, 2025, to August 1, 2025. Doc. 1 at 6. Plaintiff should note that in screening a complaint, the Court only consider those facts alleged in the Complaint itself to determine the sufficiency of the claims. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011).

that they effectively force an employee to resign." *Bauer v. Bd. of Supervisors*, 44 F. App'x 194, 199 (9th Cir. 2002) (citing *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998)). Moreover, a single isolated incident is generally "insufficient as a matter of law to support a finding of constructive discharge." *Wallace v. City of San Diego*, 479 F.3d 616, 626 (9th Cir. 2007) (quoting *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1411–12 (9th Cir. 1996)). The plaintiff must also demonstrate she actually resigned. *Green*, 578 U.S. at 555.

Here, Plaintiff alleges she resigned on August 1, 2025. Doc. 1 ¶ 15. Again, Plaintiff's Complaint mentions only one presumably discriminatory remark made by a coworker. *Id.* at 1. Although Plaintiff claims she experienced retaliation and a hostile work environment, she includes no additional facts supporting this assertion. *Id.* Plaintiff states Human Resources ("HR") acknowledged the complaint and confirmed her concerns were valid; yet she fails to state whether HR took any meaningful action. *Id.* Additionally, although Plaintiff's requested transfer was not granted, Plaintiff does not state whether her request was denied or whether a decision was still pending when she resigned. *Id.* Moreover, Plaintiff does not point to any intentional actions taken by the Defendant creating or permitting conditions that would force her to resign. At most, the Complaint alleges Plaintiff suffered a single isolated offensive comment. This falls far short of establishing "conditions so intolerable that they effectively force an employee to resign." *Bauer*, 44 F. App'x at 199.

## IV. Warnings

For the foregoing reasons, the Court will dismiss all counts of the Complaint for failure to state a claim. Because Plaintiff may be able to state a claim by alleging additional facts, the Court will dismiss these counts without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). Plaintiff has leave to file an amended complaint within 21 days of the date of this Order. Plaintiff must type or rewrite her amended complaint in its entirety and she may not incorporate any part of the original Complaint by reference. The amended complaint will supersede the original Complaint, and the Court

will treat the original Complaint as nonexistent. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). In her amended complaint, Plaintiff should be careful to include the facts (who, what, when, and where) supporting each count rather than simply reciting the elements of each cause of action. *See Iqbal*, 556 U.S. at 678.

If Plaintiff fails to timely comply with every provision of this Order, including this warning, the Court may dismiss this action without further notice. *See Bonzelet*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

## V. Order

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.
2. All counts of the Complaint are **dismissed** without prejudice. If Plaintiff chooses to file an amended complaint, she may do so within **21 days** of the date of this Order.

Dated this 13th day of August, 2026.

John C. Hinderaker
United States District Judge